1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   WELLS FARGO BANK, N.A.,                    No.  2:14-cv-1433 KJM DAD PS

12                Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   VICKI ROBINSON; STEVE ROBINSON,

15                Defendants.

16

17        By Notice of Removal filed June 16, 2014, this unlawful detainer action was removed

18   from the Napa County Superior Court by defendants Vicki Robinson and Steve Robinson, who

19   are proceeding pro se.  Accordingly, the matter has been referred to the undersigned for all

20   purposes encompassed by Local Rule 302(c)(21).

21        It is well established that the statutes governing removal jurisdiction must be "strictly

22   construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.

23   1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also Syngenta

24   Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer

25   Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there

26   is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564,

27   566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking

28   removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)

                                              1

1    (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial

2    Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction

3    depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."

4    ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th

5    Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter

6    jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

7           In removing this action, defendants assert that this court has original jurisdiction over the

8    action "in that the amount in controversy exceeds the sum of $75,000."  (Notice of Removal (Dkt.

9    No. 1) at 3-4.)  A reading of the complaint filed in this action reveals, however, that the complaint

10   is for an unlawful detainer action.  (Id. at 9.)  Because an "unlawful detainer cause of action is

11   concerned only with the possession of the Property, damages are limited to those incident to the

12   unlawful detention of said Property."  Litton Loan Servicing, L.P. v. Villegas, No. C 10-5478

13   PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan. 21, 2011).  Plaintiff's underlying  unlawful detainer

14   complaint, clearly denotes on its face that the amount in controversy does not exceed $10,000.[1]

15   (Notice of Removal (Dkt. No. 1) at 9.)

16          Moreover, it is evident from a reading of plaintiff's complaint filed in the Napa County

17   Superior Court that this is nothing more than a garden-variety unlawful detainer action filed

18   against the former owner of real property located in California and that it is based wholly on

19   California law without reference to any claim under federal law.  As such, the complaint does not

20   involve any "claim or right arising under the Constitution, treaties or laws of the United States"

21   that would have permitted plaintiff to file this action originally in federal court.  See 28 U.S.C. §

22   1441(b).  It is also evident from defendants' Notice of Removal that any federal claims that could

23   conceivably be presented in this action arise solely from defendants' own affirmative defenses

24   and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl. Remediation, LLC,

25   213 F.3d 1113.  Thus, the defendants have failed to meet their burden of establishing a basis for

26

27   [1]  Jurisdiction founded on diversity also requires that the parties be in complete diversity of
     citizenship.  See 28 U.S.C. § 1332.  However, defendants' notice of removal fails to address the
28   citizenship of any party.

1  federal jurisdiction over this action.

2          Accordingly, IT IS RECOMMENDED that this action be summarily remanded to the

3  Napa County Superior Court and that this case be closed.

4          These findings and recommendations will be submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  A document presenting objections

8  should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply

9  to objections shall be filed and served within seven days after service of the objections. The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated:  June 20, 2014

13

14  _____

    DALE A. DROZD

15  UNITED STATES MAGISTRATE JUDGE

    DAD:6

16  Ddad1\orders.pro se\wellsfargo1433.ud.f&rs

17

18

19

20

21

22

23

24

25

26

27

28

3